UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

G & G CLOSED CIRCUIT EVENTS, LLC,

Plaintiff,

v.

REMSEN ASSOCIATES, INC. T/A LOS AMIGOS; BERNABE RODRIGUEZ; JOHN DOES 1-10 AND ABC CORPS. 1-10

Defendants.

Civil Action No. 19-13019 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff G & G Closed Circuit Events, LLC's ("G & G") Motion for Attorney's Fees and Costs as to Defendant Remsen Associates, Inc. T/A Los Amigos ("Remsen") (ECF No. 19.) Remsen did not oppose. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1.

On March 24, 2021, the Court entered an Order granting Plaintiff's Motion for Default Judgment in Plaintiff's favor for violations of 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and (e)(3)(C)(ii).[1] (ECF No. 17.) Plaintiff was permitted 30 days to submit a request for full costs, including reasonable attorneys' fees, as permitted under 47 U.S.C. § 605(e)(3)(B). (*Id.*) On April 23, 2021, Plaintiff filed the present application for attorneys' fees and costs. (*See* Pl.'s Mot., ECF No. 19). In its application, Plaintiff seeks an award of $4,214.50 in attorney's fees, comprising $4,062.50 in attorney time, and $152 for secretarial time, and $1,130 in costs, comprising $400 in filing fees,

---

[1] The Court, however, denied default judgment as it pertained to Defendant Bernabe Rodriguez. (*See* ECF No. 17.)

$180 in service fees, and $550 in investigative fees. (*See* Certif. of Michael J. Peters, ECF No. 19-1.) In support of its application, Plaintiff has submitted an affidavit of its attorney, accompanied by invoices and billing records. (*Id.*)

Section 605(e)(3)(B) of Title 47 of the United States Code provides, in relevant part, that "[t]he court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." "The Third Circuit uses a lodestar approach to determine reasonable attorneys' fees." *Joe Hand Promotions, Inc. v. Singleton*, 2018 WL 3054683, at *3 (D.N.J. June 20, 2018) (citation omitted). "This approach calculates attorneys' fees based on the number of hours reasonably expended on the case multiplied by a reasonable hourly rate." *Id.* (citation omitted).

The Court is satisfied that Plaintiff's request for attorneys' fees and costs is reasonable, except for its request for $152 in fees associated with secretarial time. Plaintiff's counsel provided a detailed summary of the hours worked on this matter and the hourly rates provided. (*See* Certif. of Michael J. Peters.) The Court is satisfied that the hourly rate is within range of what is reasonable and appropriate in the District of New Jersey. *See Joe Hand Promotions*, 2018 WL 3054683, at *4 (approving award of attorney fees at a rate of $350 per hour). Generally, however, "secretarial tasks are not recoverable as attorney['s] fees because 'the salaries and benefits paid to support staff are a part of the usual and ordinary expenses of an attorney in his practice, and are properly classified as overhead.'" *Shaw v. Cumberland Truck Equip. Co.*, 2012 WL 1130605, at *7 (M.D. Pa. Mar. 30, 2012) (quoting *Eiden v. Thrifty Payless Inc.*, 407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005)); *see also USA Trouser, S.A. De C.V. v. Int'l Legwear Grp., Inc.*, 2013 WL 12404905, at *1 (W.D.N.C. Apr. 16, 2013) (stating that "[h]ours claimed by a legal secretary or legal assistant are considered overhead for the firm and are therefore not recoverable."); *Howes v. Med. Components*,

*Inc.*, 761 F. Supp. 1193, 1200-01 (E.D. Pa. 1990) (awarding fees for hours of work done on fee petition by attorneys and paralegals, but excluding work performed by "overhead" employees such as "secretaries, accounting personnel, and word processing personnel"). The Court, therefore, will deduct secretarial fees from the total amount awarded. Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS**, on this 27th day of October 2021, **ORDERED** as follows:

1. Plaintiff's Motion (ECF No. 19) is **GRANTED**.

2. Plaintiff is awarded attorney's fees in the amount of $4,062.50 and costs in the amount of $1,130.00 (for a total award of $5,192.50).

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**