UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REMSEN ASSOCIATES, INC. *et al.*, <br><br> Defendants. | Civil Action No. 19-13019 (GC) (LHG) <br><br> **MEMORANDUM OPINION** |

This matter comes before the Court upon Plaintiff G & G Closed Circuit Events LLC's ("Plaintiff") Renewed Motion for the Entry of Default Judgment as to Bernabe Rodriguez ("Rodriguez"). (ECF No. 26.) Rodriguez did not file a response to Plaintiff's Motion. The Court has carefully considered Plaintiff's submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is granted.

In its March 24, 2021, Memorandum Opinion granting in part Plaintiff's original Motion for Default Judgment (ECF No. 16), the Court set forth the background and procedural history of this matter and provided the relevant legal standard. Because almost two years have elapsed since the original decision, the Court recounts both below (verbatim) for context.[1]

# I.  BACKGROUND

## A.  The Program

Plaintiff "is a closed[-]circuit distributor of sports and entertainment programming." (Gagliardi Aff. ¶ 3, ECF No. 16-1.) The Complaint alleges that Rodriguez owns and operates Los

---

[1] For reading ease, the Court does not block quote the Background and Legal Standard sections.

Amigos, a commercial establishment located in New Brunswick, New Jersey. (Compl. ¶¶ 7-12, ECF No. 1.)

By contract, Plaintiff purchased the exclusive rights to exhibit a closed-circuit telecast of the May 6, 2017 Championship Fight Program between Saul Alvarez and Julio Cesar Chavez, Jr., (the "Program"). (Compl. ¶ 19; Gagliardi Aff. ¶ 3.) Pursuant to the contract, Plaintiff entered into sublicensing agreements with commercial establishments to permit the public exhibition of the Program. (Compl. ¶ 20.) The transmission of the Program was encrypted and made available only to Plaintiff's customers—commercial locations that paid the requisite license fee to exhibit the Program. (*Id.* ¶¶ 21-22, 24-25.)

As part of its efforts to deter piracy, Plaintiff retained auditors and law enforcement personnel to identify establishments that unlawfully accessed and aired the program. (Gagliardi Aff. ¶¶ 5-6.) On May 6, 2017, Plaintiff's investigator, Steven Aimetti ("Aimetti"), observed the unauthorized exhibition of the Program at Los Amigos. (*Id.* ¶ 7; Aimetti Aff. *19,[2] Ex. B to Gagliardi Aff.) Aimetti counted approximately twenty patrons at Los Amigos, which has a capacity for approximately eighty people. (Aimetti Aff. *19-20.) According to Plaintiff, the cost to broadcast the Program lawfully at the estimated capacity was $2,200.00. (Gagliardi Aff. ¶ 8.)

B. **Procedural History**

On May 29, 2019, Plaintiff filed a four-count Complaint against Defendants. (*See generally* Compl.) Counts One and Two allege violations of the Communications Act, 47 U.S.C. §§ 605, 553. (*Id.* ¶¶ 27-41.) Count Three asserts a claim for unlawful interference with prospective economic advantage. (*Id.* ¶¶ 42-47.) Count Four asserts a claim for unlawful interference with

---

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

2

contractual relations. (*Id.* ¶¶ 48-53.) On July 10, 2020, the Clerk entered default against Defendants for failure to plead or otherwise defend this action. (*See* ECF No. 15.)

II.     **LEGAL STANDARD**

Rule 55[3] allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Whether to grant default judgment is left "primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper[.]" *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted).

To determine whether granting default judgment is proper, the Court must consider: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether [the] defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted). In making these determinations, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

---

[3] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## III.  DISCUSSION

### A.  March 24, 2021, Decision

In its March 24, 2021, decision, the Court granted Plaintiff default judgment against Defendant Remsen Associates t/a Los Amigos. (Mem. Op. 11, ECF No. 17.) In doing so, the Court found all the default judgment factors satisfied. (*Id.* at 5-10.) The Court did not find the same with respect to Rodriguez. While the Court found that it had personal jurisdiction over Rodriguez, it also found that Plaintiff did not demonstrate a legitimate cause of action against Rodriguez. (*Id.* at 5-7.) The Court specifically stated:

> To hold an individual defendant liable, a plaintiff must demonstrate that the defendant had: (1) "the right and ability to supervise the violative activity"; and (2) "a direct financial interest in the violation[.]" *J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (citations omitted). "Before granting default judgment, a district court may consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* (internal quotation marks and citations omitted).
>
> Here, Plaintiff falls short of establishing a cause of action against Rodriguez. Plaintiff provides no evidence that Rodriguez ordered the pirated Program, advertised the Program, or was present during the exhibition. *See Ramsey*, 757 F. App'x at 94 (affirming denial of default judgment against individual defendant where the plaintiff adduced no evidence that the individual defendant ordered the pirated telecast, advertised the telecast, or was present during the exhibition). Instead, Plaintiff alleges, upon information and belief, that Rodriguez: (1) "had the right and ability to supervise the activities of Los Amigos"; (2) "specifically directed the employees of [Los Amigos] to unlawfully intercept, receive and broadcast Plaintiff's Program"; and (3) "had an obvious and direct financial interest in" the exhibition of the Program. (Compl. ¶¶ 11-14.) Plaintiff reaches these conclusions based on allegations that Rodriguez is an owner, officer, and license holder of Los Amigos. But "an ownership interest or [an officer role] alone is insufficient to establish liability." *Ramsey*, 757 F. App'x at 96. Moreover, the only license included in the record is a copy of what appears to be a 2016-2017 liquor license that was issued to Los Amigos and does not identify Rodriguez. (Ex. C to Peters Certif., ECF No. 16-1); *see*

4

> *Ramsey*, 757 F. App'x at 96 (observing individual liability may be imposed where the license identified the individual as an officer of the pirating business and "obligated [the individual] to supervise the activities of the business"). Thus, without more, Plaintiff's conclusory allegations are not sufficient to establish a cause of action against Rodriguez. The Court, therefore, denies Plaintiff's Motion to the extent it seeks to impose individual liability on Rodriguez.

(*Id.* at 6-7.) The Court, consequently, ended its analysis regarding Rodriguez at this factor. Here, the Court adopts its previous holding that the Court has personal jurisdiction over Rodriguez. Based on the renewed briefing, the Court now reaches the remaining default judgment factors as to Rodriguez.

### B. Legitimate Cause of Action

Plaintiff seeks to hold Rodriguez individually liable under Section 605 of the Communications Act. (Pl.'s Moving Br. 10, ECF No. 26-4.)[4]

The Court finds that Plaintiff's supplemental briefing sufficiently demonstrated that Plaintiff has a legitimate cause of action as to Rodriguez. *First*, Plaintiff noted that it propounded discovery requests upon Rodriguez, but Rodriguez failed to respond to the requests. (*See generally* Peters Certif., ECF No. 26-1.) Rule 36(a)(1)(a) provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(a). Rule 36(a)(3) provides that "[a] matter is admitted

---

[4] Plaintiff originally sought to hold Los Amigos and Rodriguez liable under Section 553 and Section 605 of the Communications Act. (Pl.'s Original Moving Br. 4-7, ECF No. 16-3.) Sections 553 and 605 both prohibit the unauthorized interception of communications. 47 U.S.C. §§ 553, 605. They "provide for alternative forms of relief depending on *how* the defendant intercepted the program at issue—i.e., the interception of actual airborne satellite transmissions (section 605) or the interception of transmissions once they reach the cable system (section 553)." *J&J Sports Prods., Inc. v. Munguti*, No. 06-1282, 2007 WL 928479, at *1 (D.N.J. Mar. 27, 2007). Plaintiff's renewed brief only references Section 605. (Pl.'s Moving Br. 10.) The distinction, however, is not consequential to this decision.

unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(c). According to Plaintiff, as a result of Rodriguez's failure to respond to its requests for admissions, Rodriguez admitted the following:

- He ordered the event in question (Requests 1-3);
- He broadcast[ed] the event (Request 4);
- He was aware a commercial licensing fee was due (Request 6);
- The event in question was shown in the establishment (Request(s) 8-12);
- Mr. Rodriguez is the owner, manager, and officer of the establishment (Request(s) 13-18);
- Mr. Rodriguez was the person with authority to decide what is broadcast in the establishment (Request 19);
- Mr. Rodriguez was inside the establishment on the day of the broadcast (Request 21);
- Mr. Rodriguez was the decision-maker, supervisor of gatherings and personally informed patrons about the event (Request(s) 22-25).

(Pl.'s Moving Br. 6; Peters Cert., Ex. B.) Plaintiff argues these admissions demonstrate that Rodriguez "had the right and ability to supervise the [violative activity]." (Pl.'s Moving Br. 6.) The Court agrees.

*Second*, the Court finds Plaintiff's arguments in its renewed briefing persuasive. In *G & G Closed Circuit Events, LLC v. La Famosa, Inc.*, the court held:

> The predicates for imposing individual liability on [individual defendant] are also met. Plaintiff has alleged that [individual defendant] is the president, 100% owner, and registered agent of La Famosa Bar. Plaintiff alleges, therefore, that [individual defendant] had a right and ability to supervise the interception of the Fight Program and a direct financial interest in the interception of the Fight Program, which resulted in income and profit to himself and La Famosa Bar. Plaintiff also alleges that [individual defendant] was the moving and active conscious force behind the operation, advertising, and promotion of La Famosa Bar. Under the circumstances, [individual defendant] was an individual with a right and ability to supervise the operation of La Famosa Bar and maintained a financial interest therein.

6

No. 19-13025, 2020 WL 3129540, at *3 (D.N.J. June 12, 2020) (citations omitted).

Plaintiff argues that: (1) the Complaint alleges Rodriguez is the President, 100% owner, Chief Executive Officer, and Registered agent of Los Amigos; (2) the Complaint raises other allegations regarding the broadcast-related rights and responsibilities; and (3) the 2013-2014 Liquor License Renewal Application supports the Complaint's allegations. (Pl.'s Moving Br. 3, 6-9 (citing Compl. ¶¶ 8-9, 11-18, 19-28).) Here, Plaintiff's renewed arguments, in conjunction with the deemed admissions, satisfy the Court that Plaintiff demonstrated a legitimate cause of action as to Rodriguez.

### C.  Default Judgment is Proper

The three explicit factual findings required to grant a default judgment also weigh in Plaintiff's favor. As noted above, the Court must consider: (1) "prejudice to the plaintiff if default is denied"; (2) "whether the defendant appears to have a litigable defense"; and (3) "whether [the] defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citation omitted).

As to the first factor, a plaintiff "suffers prejudice if it [does not] receive a default judgment because it has no alternative means of vindicating its claim against the defaulting parties." *Joe Hand Promotions v. Waldron*, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (citation omitted). In addition to his failure to appear in this action, Rodriguez failed to comply with the August 10, 2021, Order granting limited discovery. (Peters Certif. ¶¶ 12-14.) Based on the current record, therefore, it appears that Plaintiff has no alternative means of vindicating its claims.

The second "factor is either inconclusive, or it weighs slightly in Plaintiff's favor" because Rodriguez has not appeared in this matter and thus "there is no indication that [Rodriguez has] a cognizable defense to Plaintiff's allegations[.]" *Id.* (citation omitted). As to the final factor,

Rodriguez's failure to respond permits the Court to draw an inference of culpability on his part. *See J & J Sports Prods., Inc., v. Tribiri-Tabara*, No. 18-13867, 2019 WL 2754955, at *3 (D.N.J. July 2, 2019) ("When a defendant has failed to answer, move, or respond to a complaint, culpability is presumed."). The Court, accordingly, finds that default judgment is appropriate.

### D. Damages

Because only liability was at issue in the Court's March 24, 2021, decision, Plaintiff relied upon and incorporated by reference the arguments from its original moving brief with respect to damages. (Pl.'s Moving Br. 9.) Similarly, the Court adopts the legal standard and damages-related reasoning from its March 24, 2021 decision. (Mem. Op. 8.) For the reasons set forth in the March 24, 2021, decision, the Court will award Plaintiff $6,600, consisting of $2,200 in statutory damages and $4,400 in enhanced damages. (*Id.* at 10.)

### E. Costs and Reasonable Attorneys' Fees

Plaintiff requested leave to submit a request for costs and attorneys' fees as to Rodriguez within 30 days from the entry of judgment. (Pl.'s Moving Br. 10.) The Court grants Plaintiff's request.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment as to Rodriguez is granted. The Court will enter an Order consistent with this Memorandum Opinion.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE