**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REMSEN ASSOCIATES, INC. T/A LOS AMIGOS, BERNABE RODRIGUEZ, JOHN DOES 1-10 AND ABC CORPS. 1-10 <br><br> Defendants. | Civil Action No. 19-13019 (GC) (JBD) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

**I.      BACKGROUND**

**THIS MATTER** comes before the Court upon Plaintiff G&G Closed Circuit Events, LLC's Motion for Attorney's Fees and Costs against Defendant Bernabe Rodriguez. (ECF No. 31.) Plaintiff filed the Complaint on May 29, 2019, alleging misappropriation of the *Saul Alvarez v. Julio Cesar Chavez, Jr., Championship Fight Program* telecast in violation of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.* (ECF No. 1.) Plaintiff served Defendant Los Amigos on July 9, 2019, and then Defendant Rodriguez on March 3, 2020, after several failed attempts. (*See* ECF No. 15 ¶¶ 4, 5, 7.) Neither Los Amigos nor Rodriguez answered, moved, or otherwise defended the action, and Plaintiff moved for the entry of default on July 10, 2020, which was entered by the Clerk of Court on the same day. (*Id.*; Clerk's Entry of Default Docket Entry from July 10, 2020.) Plaintiff then moved for default judgment against Los Amigos and Rodriguez on August 17, 2020, which was entered against Los Amigos and denied as to Rodriguez by the Court on March 24,

2021. (ECF Nos. 16, 17, 18.) In denying default judgment as to Rodriguez, the Court found that Plaintiff's allegations fell short of stating a claim for misappropriation against Rodriguez. (ECF No. 17 at 6.[1]) On June 15, 2021, Plaintiff moved for limited discovery, seeking to address the deficiencies in his allegations against Rodriguez. (ECF No. 22.) Limited discovery was granted on August 11, 2021. (ECF No. 24.) Plaintiff proceeded to serve various limited discovery requests on Rodriguez, to which Rodriguez failed to respond, which resulted in Plaintiff moving again for default judgement against Rodriguez. (ECF No. 26.) On February 28, 2023, the Court granted default judgment against Rodriguez for $6,600.00.[2] (ECF Nos. 28, 29.) Plaintiff now moves for $7,472.00 in attorney's fees and costs to be taxed to the judgment against Rodriguez.[3] (ECF No. 31-1 ¶ 28.) Rodriguez does not oppose.

The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court awards Plaintiff's counsel **$7,472.00** in attorney's fees and costs to be added to the judgement entered against Bernabe Rodriguez.[4]

---

[1]  Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]  In its Memorandum Opinion granting default judgment against Rodriguez, the Court granted Plaintiff leave to file an application for attorney's fees and costs within thirty (30) days of the entry of judgment. (ECF No. 28 at 8.)

[3]  Plaintiff's attorney's fees and costs application consists of: (1) a $400 filing fee; (2) $285 for service of process costs; (3) $550 for investigative fees; (4); and $6,237.00 in attorney-related fees. (ECF No. 31-1 ¶ 17.)

[4]  Pursuant to 47 U.S.C. § 605 (e)(3)(B)(iii), the Court must "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." *J & J Sports Prod., Inc v. Suarez Enterprises, LLC*, Civ. No. 18-08823, 2020 WL 832917, at *1 (D.N.J. Feb.

## II.    DISCUSSION

"When a court determines that awarding attorney's fees represents an appropriate sanction, it then conducts a lodestar calculation to determine the reasonable fee." *Sciore v. Phung*, Civ. No. 19-13775, 2022 WL 17446505, at *3 (D.N.J. Dec. 6, 2022) (citation omitted). The lodestar calculation multiplies the reasonable number of hours exerted by the reasonable hourly rate. *United Auto. Workers Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005), *as amended* (Nov. 10, 2005).

Plaintiff's counsel includes an itemized certification detailing his request for attorney's fees and costs. (*See* ECF No. 31-1 ¶ 23.) Plaintiff's counsel billed 18.6 hours at an hourly rate of $325.00 per hour, and Plaintiff's counsel also includes his secretary's time of 2.4 hours at an hourly rate of $80.00 per hour. (*See id.*) Plaintiff's counsel's billing entries provide the specific date, description, time, fee, and individual assigned to each task. (*Id.*) The Court has carefully reviewed each line of the itemized fee chart provided by Plaintiff's counsel. (*Id.*)

Comporting with similar awards for attorney's fees and costs in this District, the Court finds that Plaintiff's counsel's requested fees and costs are reasonable. *See, e.g., J & J Sports Prod., Inc*, 2020 WL 832917 at *2 (finding that counsel's requested fees of $325 per hour, his secretary's fees of $80 per hour, a $400 filing fee, and a $525 investigative fee were all reasonable); *Innovative Sports Mgmt., Inc. v. El Punto Marino Rest. LLC*, Civ. No. 20-14251, 2021 WL 5608275, at *1 (D.N.J. Nov. 4, 2021), *report and recommendation adopted*, Civ. No. 20-14251,

---

20, 2020). "Since the Court has entered a default judgment against [Rodriguez], Plaintiff is a prevailing party mandated to receive costs and attorneys' fees under § 605(e)(3)(B)(iii)." *Id.*; (ECF No. 29.)

2021 WL 5585928 (D.N.J. Nov. 30, 2021) (same); *G & G Closed Cir. Events, LLC v. Don Tequila Bar & Grill, LLC*, Civ. No. 19-84, 2020 WL 4670926, at *1 (D.N.J. Aug. 12, 2020) (same); *J&J Sports Prods., Inc.*, v. *2216 Bergenline Ave.*, Civ. No. 18-13165, ECF Nos. 20, 21 (D.N.J. Oct. 21, 2019) (same). The Court awards Plaintiff's counsel **$7,472.00** in attorney's fees and costs, to be added to the judgment entered against Rodriguez.

### III.   ORDER

For the reasons stated above, and other good cause shown,

**IT IS** on this 27th day of October, 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 31) is **GRANTED**.

2. Plaintiff's counsel is awarded **$7,472.00** in attorney's fees and costs, to be added to the judgment entered against Rodriguez.

3. The Clerk of Court shall **TERMINATE** the motion pending at ECF No. 31, and this case is to remain **CLOSED**.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**